UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

NORTHERN DIVISION



FILED
APR 21 2023

| UNITED STATES OF AMERICA,<br>Plaintiff,<br>vs.<br>ERIC VIRRUETA,<br>Defendant. | 1:22-CR-10037-CBK<br><br>ORDER ADOPTING REPORT AND RECOMMENDATION AND ORDER DENYING MOTION TO SUPPRESS |
|---|---|

    Defendant filed a motion to suppress evidence seized and statements made by the defendant in conjunction with a traffic stop. The motion came on for a hearing before Magistrate Judge Mark A. Moreno. Magistrate Moreno issued a report and recommendation finding that the traffic stop was supported by probable cause to believe that a violation of law had occurred and that the subsequent search of the vehicle was justified by probable cause to believe that the vehicle contained contraband or evidence of a crime and also justified pursuant to the conditions of defendant's parole. Having found that the search did not violate the Fourth Amendment, Magistrate Moreno found that the statements made by the defendant in conjunction with the traffic stop and search were admissible at trial. Magistrate Moreno recommended that the motion to suppress be denied. Defendant filed objections to the report and recommendation. I have conducted a *de novo* review of the file herein.

    A traffic stop was conducted based upon an officer's claimed knowledge that he knew that a person named Eric Virrueta, whose identity the officer had had verified from a photo, had no valid driver's license, and that a certain car belonged to Virrueta's mother, such car drove past the officer's parked vehicle, and it appeared Virrueta was driving. Defendant contends that the facts in evidence at the suppression hearing do not support the officer's claim that the officer could see, prior to the traffic stop, that defendant was driving. The magistrate obviously credited the officer's testimony. "A

credibility finding made by a magistrate judge 'after a hearing on the merits of a motion to suppress is virtually unassailable on appeal.'" United States v. Mitchell, 55 F.4th 620, 622 (8th Cir. 2022) (*quoting* United States v. Shafer, 608 F.3d 1056, 1065 (8th Cir. 2010) (*quoting* in turn United States v. Starr, 533 F.3d 985, 995 (8th Cir. 2008)).

Defendant objects that the traffic stop was a mere pretext to the goal of searching the vehicle. A traffic stop and subsequent search based upon probable cause are valid notwithstanding the officer's subjective intent prior to the traffic stop.

> As the Supreme Court recently held in *Whren v. United States*, 517 U.S. 806, ——, 116 S.Ct. 1769, 1774, 135 L.Ed.2d 89 (1996), a police officer's subjective intent is not relevant for purposes of determining whether a traffic stop was objectively reasonable under the Fourth Amendment. We have previously held that "any traffic violation, even a minor one, gives an officer probable cause to stop the violator. If the officer has probable cause to stop the violator, the stop is objectively reasonable and any ulterior motivation on the officer's part is irrelevant." *United States v. Caldwell*, 97 F.3d 1063, 1067 (8th Cir.1996) (citing Whren, 517 U.S. at ——, 116 S.Ct. at 1774).

Conrod v. Davis, 120 F.3d 92, 96 (8th Cir. 1997).

Finally, defendant objects to the finding that the search of the vehicle was valid based upon defendant's parole agreement authorizing a search. Contrary to defendant's claim, the terms of the parole agreement authorizing a search were not ambiguous. Defendant was in possession (driving) a car from which the odor of marijuana emanated and he was driving such vehicle in Watertown, South Dakota, over 100 miles from Sioux Falls South Dakota, where he was required to stay per the terms of his parole. In any event, the emanation of marijuana from the vehicle, together with the defendant's admission that he had used marijuana, justified the search of a vehicle he was driving. Ownership of the vehicle had no bearing on the legality of the search of the vehicle in this case.

Based upon the foregoing,

IT IS ORDERED:

1. The Magistrate's report and recommendation, Doc. 54, is adopted.

2. The defendant's objections, Doc. 55, are overruled.

3. The defendant's motion, Doc. 23, to suppress is denied.

DATED this 13th day of April, 2023.

BY THE COURT:

*[signature: Charles B. Kornmann]*

CHARLES B. KORNMANN
United States District Judge