UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
NORTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>ERIC VIRRUETA,<br><br>Defendant/ Petitioner. | 1:22-CR-10037-CBK<br><br>ORDER REGARDING MOTION FOR REDUCTION OF SENTENCE |

    Defendant moved for a reduction of sentence under 18 U.S.C. § 3582(c)(2) based upon Part A, and, or Part B of Amendment 821 of the Federal Sentencing Guidelines. Defendant was sentenced on October 10, 2023, to 166 months imprisonment for possession of a controlled substance with intent to distribute. Defendant's total offense level was 29 and, together with a criminal history category of VI, his guideline range was 151 - 188 months. The Court imposed a sentence below the middle of that range.

    Part A of Amendment 821 amended, retroactively the "status points" provisions of U.S.S.G. § 4A1.1. Formerly, two criminal history points were assigned pursuant to § 4A1.1(d) if the defendant committed the offense while defendant was under any criminal justice sentence. The amendment reduced the number of status points to one and, pursuant to § 4A1.1(e), it only applies if the defendant has seven or more criminal history points before application of status points.

    Part B, Subpart 1 of Amendment 821 created a new guideline at U.S.S.G. § 4C1.1 which retroactively provides for a decrease in offense level for certain "zero-point" offenders who received no criminal history points and whose offense did not involve certain aggravating factors.

    Pursuant to 18 U.S.C. § 3582(c)(2), "in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently

been lowered by the Sentencing Commission . . . the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." Guidelines § 1B1.10 governs the application of the reduction in a term of imprisonment that arises under retroactive amendments to the Federal Sentencing Guidelines. The Sentencing Commission amended § 1B1.10 (d) to include the criminal history amendments that are part of Amendment 821.

The United States Supreme Court has instructed that sentence reductions pursuant to § 3582(c) and § 1B1.10 require a two-step inquiry. Dillon v. United States, 560 U.S. 817, 826, 130 S.Ct. 2683, 2691, 177 L.Ed.2d 271 (2010). "A court must first determine that a reduction is consistent with § 1B1.10 before it may consider whether the authorized reduction is warranted, either in whole or in part, according to the factors set forth in § 3553(a)." Id.

I find that these amendments make no difference to defendant's motion. Thus, defendant does not qualify for a reduction pursuant to Amendment 821. Regarding Part A, defendant received two status points and is eligible for a one-point reduction, bringing his criminal history points to 15, which still situates defendant at a Criminal History Category of VI. Thus, defendant's guideline range remains unchanged. Regarding Part B, defendant was not a zero-point offender. Consequently, defendant is ineligible pursuant to U.S.S.G. §§ 4C1.1(a)(1).

Further, defendant was at least 18 years old at the time of the instant offense of conviction; the instant offense of conviction is a felony that is a crime of a controlled substance offense; and the defendant has at least two prior felony convictions of either a crime of violence or a controlled substance offense. Therefore, the defendant is a career offender.

A sentence of 166 months was appropriate then and, considering the factors set forth in § 3553, that is still an appropriate sentence.

I find that defendant is not entitled to a reduction in sentence.

Now, therefore,

IT IS ORDERED that the motion for reduction of sentence, Doc. 94, is denied.

DATED this 30th day of April, 2025.

BY THE COURT:

CHARLES B. KORNMANN
United States District Judge